## MOORE *v.* SHARP.

Opinion delivered May 31, 1909.

APPEAL—WHEN NOT COLLUSIVE.—A suit was begun and prosecuted in the lower court in good faith to determine the title to a certain tract of land. Appellees had a suit involving the same question with reference to a large body of lands, pending in the United States Court of Appeals; appellant made an arrangement with appellees' counsel to have the latter file an abstract of the record and brief for him, with the hope that counsel for the side opposing appellees in the Federal court would appear in this court and present the argument in favor of appellant's side of the controversy; such counsel did appear and file a brief presenting appellant's side of the case. *Held* that the appeal will not be dismissed as being collusive.

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; motion to dismiss appeal denied.

ON MOTION TO DISMISS THE APPEAL.

PER CURIAM. W. S. Bryan, by his counsel, Messrs. Murphy, Coleman & Lewis, moves the court to dismiss the appeal in this case on the alleged ground that the suit, in its inception and in the trial below, as well as on the appeal to this court, is a collusive one, instituted for the sole purpose of obtaining the opinion of this court on the questions presented so as to influence, as far as possible, the determination of a similar suit involving the same questions now pending in the United States Circuit Court of Appeals, on appeal from the circuit court for the Eastern District of Arkansas, wherein the appellees here (Sharp and Boice) and he (W. S. Bryan) are the con-

testing parties. He alleges that he owns a large body of lands under the same source of title as that asserted by appellant in the present case, and that the issues in this case are identical with those in the case above referred to. He asserts, and undertakes to prove, (1) that there is no real controversy between the parties to the present suit, but that it was instituted solely for the purpose indicated above; (2) that there was no trial of the issues below, but that the judgment of the circuit court was entered practically by consent of parties; and (3) that after the judgment below appellant, Moore, abandoned the litigation, that the appeal was perfected in his name by appellees' counsel, that they prepared the brief on the side of appellant in the name of the latter's counsel, and that the case would not be presented here in an adversary way except for the fact that Murphy, Coleman & Lewis had filed a brief as *amici curiae.*

Responses have been filed to this motion, and affidavits in support thereof, and appellant, Moore, insists that he has never abandoned the controversy, and stands ready to prosecute his appeal.

On consideration of the evidence presented, we are of the opinion that the alleged grounds of the motion are not sustained. Appellant, Moore, purchased the land in good faith and proceeded to cut timber thereon when this suit was instituted. He employed able counsel to represent him in the litigation below, and paid a substantial fee for the services. There was no collusion between the parties in bringing the suit, and it was prosecuted to judgment below free from collusion, though by agreement it was presented to the court on the evidence taken in the case pending in the Federal court. This did not cause the litigation to lose its adversary character, as it is the privilege as well as the duty of litigants to facilitate the trial of cases and to prevent unnecessary expense and delay.

Appellant duly prosecuted the appeal to this court from the adverse judgment below. It appears that appellant's employment of counsel only covered the service of defending the case in the lower court, and lodging the appeal from the adverse judgment. When this service was complete, appellant's counsel suggested to him that, on account of the momentous questions involved in the case, the expense of employing counsel

to brief the case in this court would be out of proportion to the value of the land in controversy, which is not very considerable, and also suggested that a plan might be arranged for Mr. Coleman, of the firm of Murphy, Coleman & Lewis, to appear in the interest of his client in the Federal court. Acting on this suggestion, appellant entered into an arrangement with appellees' counsel for the latter to file an abstract of the record and a brief for appellant, so as to comply with the rules of this court, and thus induce Murphy, Coleman & Lewis as counsel for Bryan to appear in this case and fully present all the arguments in favor of appellant's side of the controversy. This was done, and appellees' counsel caused to be prepared and filed an abstract of the record, the sufficiency and completeness of which is not questioned, and a brief which stated the points of law involved, and adduced arguments and authorities in support of them. Messrs. Murphy, Coleman & Lewis then filed an exhaustive brief on that side of the case, which, with the brief of appellees on their own side, makes the presentation of the case thoroughly adversary, and seems to leave nothing unsaid in support of the respective contentions of appellant and appellees. We therefore see no reason why the appeal should be dismissed. The time for appeal has not expired; and, if we should dismiss this one, appellant could obtain another. He is here now by other counsel, insisting on prosecuting this appeal and adopting the abstracts and briefs filed on that side of the case, and shows that he has never had an intention to abandon it.

We would not permit the case to be submitted on the brief prepared for appellant by appellees' counsel, for, however able and convincing it may prove in the end to be, it is tainted by the fact that it *was* prepared by appellees' counsel or at their instance. But, since the case is so thoroughly and ably presented by Murphy, Coleman & Lewis on one side and appellees' counsel on the other, with appellant insisting on prosecuting his appeal, we see no reason for dismissing it. The case could not, and would not under other circumstances, be more ably or thoroughly presented for our consideration.

Motion overruled.